NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 10 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10060 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00160-MCE-1 |
| v. | |
| ALEXANDER SAKHANSKIY, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10061 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00160-MCE-2 |
| v. | |
| LARISA SAKHANSKIY, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted March 14, 2018
San Francisco, California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BERZON and BEA, Circuit Judges, and BERG,[**] District Judge.

In these consolidated appeals, Alexander and Larisa Sakhanskiy (husband and wife) appeal their convictions under 18 U.S.C. § 844(i) (federal arson) for their role in a fire that burned their house down in Antelope, California. The Sakhanskiys argue that their conduct did not meet the statute's interstate commerce element and the district court's instructions, as well as its answer to a jury question on this element, were in error. They also argue that the district court erred in allowing their former insurance attorney to testify at trial that he used the U.S. Mail to send a letter on their behalf to the insurance company's attorney. For the reasons set forth below, we **AFFIRM**.

1. The Sakhanskiys first challenge the jury's finding that their home was "[a] building ... used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i). They contend that the evidence at trial failed to prove the interstate commerce nexus element of § 844(i) beyond a reasonable doubt. In reviewing a claim of insufficient evidence, we consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99

---

[**] The Honorable Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

S.Ct. 2781, 61 L.Ed.2d 560 (1979).  At trial, two witnesses testified that Mr. Sakhanskiy ran a "handy-man" business out of his home, in addition to working as an employee of a plumbing company.  The government also presented evidence that Sakhanskiy placed advertising for the "Alexander's Handyman" business, obtained several years of licenses related to the business, maintained a business bank account at a large multinational bank (Bank of America), and stored numerous expensive construction tools on the property of his residence (several of which were manufactured by such multinational, interstate vendors as Craftsman, Dewalt, Hitachi, and Honda).  This evidence was sufficient to permit a rational jury to find the interstate commerce element was met.  A rational jury hearing such evidence could conclude beyond a reasonable doubt that the Sakhanskiy residence "served as a home office or the locus of any commercial undertaking." *Jones v. United States*, 529 U.S. 848, 856, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000).  Thus, we conclude that this challenge is not well-taken.

2.  The Sakhanskiys next contend that the district court erred by (1) failing to instruct the jury that a conviction on the arson charge requires a finding that "the fire substantially affected interstate commerce," and (2) responding to a written question from the jury during deliberations concerning the definition of "interstate commerce."  This objection was not presented to the district court, however, so our review is for plain error.  *See United States v. Del Toro-Barboza*, 673 F.3d 1136,

1146 (9th Cir. 2012). The district court's arson jury instructions: (1) tracked the language of § 844(i) nearly verbatim; and (2) drew upon a slightly altered phrase from the Supreme Court's opinion in *Jones*. The district court defined "interstate commerce" by instructing the jury that "[a] building is used in interstate commerce or in any activity affecting interstate commerce if it is used for a commercial purpose." In *Jones*, the Supreme Court concluded that a residence was not "used in interstate . . . commerce" in part because there was no allegation that it "served as a home office or the locus of any commercial undertaking." *Jones*, 529 U.S. at 856. The district court's instruction here was not materially different from the language in *Jones* and did not constitute plain error. *See United States v. Serang*, 156 F.3d 910, 914 n.3 (9th Cir. 1998) (holding in relation to § 844(i) that the appellant's argument "that the … jury instructions were insufficient because they did not contain the word 'substantial' are without merit"). Moreover, the district court's subsequent reference back to the instruction, in response to the jury's written question during deliberations about the definition of "interstate commerce," was not an abuse of discretion because there was no error in the jury instruction in the first place.

3. Finally, the Sakhanskiys contend that the district court erred by allowing their former insurance attorney, Jerry Chong, to testify about his use of the U.S. Mail to send a letter containing Defendants' itemized loss statement to Farmers

Insurance's attorney. This evidence was offered by the Government to establish an element of mail fraud (Count Three). The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. *See Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). "The claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable. The scope of the privilege should be strictly confined within the narrowest possible limits." *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015) (internal quotation omitted). Chong testified only that: (1) he was an attorney, (2) he recognized both the letter and his signature on his letterhead, and (3) he mailed the letter by U.S. Mail. None of these questions touched upon a confidential communication between Attorney Chong and his clients that was made for the purpose of obtaining legal advice.

**AFFIRMED.**